**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 97-20682
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FOUR STAR HEALTH CARE SYSTEMS, INC. d/b/a GOLD STAR AMBULANCE,
ADVANCED LIFE SUPPORT SYSTEMS, INC. d/b/a GOLD STAR AMBULANCE and
WESLEY J. HAMMER,

Defendant-Appellant.

_____

Appeal from the United States Magistrate Court
for the Southern District of Texas
(H-93-CV-2093)
_____

July 24, 1998

Before KING, DAVIS and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellants (collectively "Gold Star") challenge the district court's order granting judgment to the United States ("Government"), in the Government's False Claims Act suit, 31 U.S.C. § 3729 _et seq_. The sole issue on appeal is whether the district court's factual finding that Gold Star acted in "reckless disregard" of the truth in billing Medicare for transporting forty-nine dialysis patients in ambulances is clearly erroneous.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government filed this suit against Gold Star to recover civil damages and penalties on the ground that Gold Star submitted false claims for ambulance services to Medicare. Following a bench trial, the district court found that forty-nine of these claims were filed in reckless disregard of the truth; because of this finding, the district court concluded that Gold Star was liable for treble damages and a $5,000 penalty for each of these violations.

As to the forty-nine claims at issue here, Gold Star does not challenge the district court's finding that the representations on the claim forms were false.

On appeal, Gold Star argues that while they may have committed errors and their billing system might have been flawed by not requiring the billing department to inspect every transaction, their conduct did not amount to reckless disregard or even gross negligence. Appellants argue that the billing system did not increase the risk of false claims. Further, Gold Star contends that the record evidence does not support the district court's finding that management should have been aware that its billing system created a high risk of false claims.

The district court found, however, that the defendant's billing system was designed so that the billing clerk relied on information in the run sheets provided by the paramedics and EMTs who transported the patients. The record supports the district court's finding that the billing clerks were instructed to ignore the run sheets, which was the only available evidence an ambulance

was needed to transport the patient.  Instead, the billing clerks were provided with preprinted forms indicating that the dialysis patients were "unable to sit, stand or walk."  This fact was critical to Gold Star's right to submit a claim for transporting dialysis patients by ambulance to the dialysis center.

The district court's finding is not clearly erroneous that Gold Star permitted the billing clerks to use preprinted forms for dialysis patients certifying that they were "unable to sit, stand or walk."  We also have no quarrel with the district court's conclusion that such a practice of ignoring the documents recording the facts in each individual case created a high risk that false claims would result and that such claims were submitted in reckless disregard for the truth.

For these reasons, we conclude that the district court committed no reversible error.  The judgment of the district court is therefore

AFFIRMED.